# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GREGORY P. RHODES, | ) |
| Plaintiff, | ) Case No. 2:24-cv-00662-SGC<br>) Opposed |
| v. | ) |
| U.S. INTERNAL REVENUE SERVICE, | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Defendant the Internal Revenue Service ("***IRS***" or "***the Service***") moves to dismiss Plaintiff Gregory P. Rhodes's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment.

## INTRODUCTION

Plaintiff failed to exhaust his administrative remedies prior to seeking relief from this Court. Plaintiff alleges that the Service improperly withheld records required to be disclosed under the Freedom of Information Act ("***FOIA***") in response to a FOIA request submitted by Plaintiff. But the FOIA requires a requester to exhaust their administrative remedies before filing suit. Thus, Plaintiff has failed to state a claim upon which relief can be granted and this suit should be

1

dismissed under Fed. R. Civ. P. 12(b)(6) or summary judgment should be granted in favor of the Service under Fed. R. Civ. P. 56.

## FACTUAL BACKGROUND

Plaintiff's claim concerns a FOIA request dated January 7, 2022, seeking information related to the Service's examination of the Form 1065 (U.S. Return of Partnership Income) filed by Capital Ship, LLC for the 2016 tax year. (Compl. ¶17.) The Service sent several letters to Plaintiff requesting additional time to respond to the FOIA request and providing an estimated timeline for fulfilling the request. (Compl. ¶¶ 19–26.) In these pre-determination letters, the Service informed Plaintiff that "there is no right to an administrative appeal *for failure to meet the statutory ... time limits for response*" but that he could file suit for judicial review after February 24, 2022. (Compl. at Exhs. 2, 3, 5, and 6.) (emphasis added). Plaintiff did not file suit.

By letter dated April 26, 2023, the Service sent a final response to Plaintiff's FOIA request (the "**Determination Letter**"). (Compl. ¶27, Exh. 7.) The Determination Letter explained that the Service located 10,001 pages responsive to Plaintiff's request, that it was releasing 8,102 pages without exemptions, and that it was withholding 487 pages in part and 1,412 pages in full subject to three privileges contained in FOIA Exemption 5. (*Id*. ¶28, Exh. 7.) The Determination Letter further explained that the Service had

gathered and reviewed the relevant documents and explained which documents it was withholding and why. (*Id.* at Exh. 7.) Finally, the Determination Letter informed Plaintiff of his right to file an administrative appeal within ninety days of the letter's receipt and enclosed IRS Notice 393, *Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act – 5 U.S.C. 552*, further explaining Plaintiff's right to appeal. (*Id.*) Plaintiff did not seek an administrative appeal of the Service's response to his FOIA request following the Determination Letter. (**Exh. 1**, *Decl. of IRS Team Manager R. Cross* ¶8.) Nor did Plaintiff allege he submitted to the IRS an administrative appeal. On May 24, 2024, Plaintiff filed this suit. (ECF 1.)

## LEGAL STANDARD

Exhaustion of administrative remedies is a jurisprudential requirement for FOIA claim. *See*, *e.g.*, *Hull v. IRS, U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011); *Miccosukee Tribe of Indians of Florida v. U.S. Dep't of Just.*, 103 F. Supp. 3d 1314, 1326 (S.D. Fla. 2015) (explaining that exhaustion of administrative remedies is a "jurisprudential doctrine, perform[ing] a function similar to the judicial doctrine of ripeness by postponing judicial review.") (alteration in original) (internal quotations omitted). Thus, where a FOIA plaintiff failed to exhaust their administrative

remedies before filing suit, the court should dismiss the claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See*, *e.g.*, *Miccosukee Tribe*, 103 F. Supp. 3d at 1326. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If matters outside the pleadings are presented, the Court may treat the motion as one for summary judgment under Rule 56(c). *See* Fed. R. Civ. P. 12(d); *but see Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating summary judgment order in FOIA case and remanding for dismissal under Rule 12(b)(6) on exhaustion grounds.) Summary judgment is proper when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" and must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the motion is supported by documentary proof, such as a declaration, the nonmoving party may not rest on the pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

# ARGUMENT

I. **Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.**

The FOIA requires requesters to first exhaust administrative remedies before filing suit in federal court. *Alley v. United States Dep't of Health & Hum. Servs.*, No. CV-07-BE-0096-E, 2008 WL 11375358, at *14 (N.D. Ala. May 8, 2008) (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."). It is undisputed that Plaintiff never filed an administrative appeal after the Service issued its determination regarding his FOIA request. (*See* Compl. ¶34.) Thus, Plaintiff cannot state a claim upon which relief can be granted.

If an agency fails to make a determination as to a FOIA request within 20[1] working days of receipt of the request, the requestor is deemed to have constructively exhausted their administrative remedies and may seek judicial review. 5 U.S.C. 552(a)(6)(C)(i). However, if a FOIA requestor waits and receives an agency determination, even after an initial delay, constructive

---

[1] If the agency determines that unusual circumstances apply and provides timely written notice, as defined in the FOIA, the agency has 30 working days to make its determination as to the FOIA request. 5 U.S.C. 552(a)(6)(B)(i).

5

exhaustion is no longer available and actual exhaustion of administrative remedies is required before filing suit. *Id.*; *see Sauer, Inc. v. NASA*, No. 6:11–cv–926–Orl–31DAB, 2011 WL 3687862 at *2 (M.D. Fla. Aug. 23, 2011) (quoting *Taylor*, 30 F.3d at 1369–71) ("In the words of the *Taylor* court, the plaintiff chose not to file a lawsuit until after the agency properly responded to his requests, and as a result he was required to actually exhaust his administrative remedies.") (internal citations omitted). A FOIA requester who receives an adverse determination from the Service exhausts administrative remedies by filing an administrative appeal within ninety days from the date of such adverse determination. *See* Internal Revenue Manual, § 11.3.13.6.7, Administrative Appeals (10-05-2021) at (2)(a) (quoting the FOIA, "The right of such person to appeal to the head of an agency within a period that is no less than 90 days after the date of such adverse determination ..."); Treas. Reg. § 601.702(c)(10)(i).

In order for an agency's response to qualify as a 'determination' that triggers the exhaustion requirement, an agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion

of the 'determination' is adverse.'" *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013); *see Alley,* 2008 WL 11375358, at *14.

### A. Plaintiff was required to file an administrative appeal before filing this suit.

Plaintiff erroneously alleges that there were no administrative remedies to be exhausted under the FOIA prior to the filing of this suit. (Compl. at ¶34.) However, when a requester seeks to challenge an agency's determination under the FOIA, as Plaintiff seeks to do here, they must first file an administrative appeal. 5 U.S.C. 552(a)(6)(C)(i); *see, e.g., Taylor*, 30 F.3d at 1369. Indeed, the Determination Letter and accompanying IRS notice explicitly explained Plaintiff's right to file an administrative appeal within ninety days of the letter's receipt. (Compl. at Exh. 7.) Plaintiff apparently conflates the constructive exhaustion requirement for FOIA claims based on an agency's failure to respond to a FOIA request within the statutory deadline—which simply requires waiting 20 working days before filing suit—with the actual exhaustion requirement for claims challenging an agency's adverse determination—which requires filing an administrative appeal within 90 days. *See* 5 U.S.C. 552(a)(6)(C)(i). The Service's pre-determination letters to Plaintiff correctly explained that "there is no right to an administrative appeal *for failure to meet the statutory ... time limits for response*" but that he could file suit for judicial review after February 24,

7

2022 (Compl. at Exhs. 2, 3, 5, and 6.) (emphasis added). However, upon the Service's issuance of the Determination Letter responding to the FOIA request, Plaintiff was required to administratively appeal the determination before seeking judicial review. *See*, *e.g.*, *Taylor*, 30 F.3d at 1369.

Additionally, because Plaintiff did not file suit following any of the Service's notices that processing the FOIA requests would exceed the statutory deadline, but instead waited until after receiving the Determination Letter, Plaintiff cannot claim that it constructively exhausted administrative remedies. *See id*.

### B. Plaintiff failed to exhaust his administrative remedies before filing this suit because he did not administratively appeal the Service's determination.

It is undisputed that Plaintiff never submitted an administrative appeal after the Service issued its determination regarding his FOIA request. (*See* Compl. ¶34.) Thus, Plaintiff cannot state a claim upon which relief can be granted. Consistent with the *CREW* case, the Determination Letter is a determination for purposes of administrative exhaustion under the FOIA. *See supra*, p. 6-7. The Service explained that it had gathered and reviewed the relevant documents, explained its reasoning for withholding documents, and advised Plaintiff that he could appeal adverse portions of the determination. Indeed, Plaintiff acknowledges that the Determination Letter

even identified itself as the Service's final response to the FOIA request. (Compl. ¶27.)

Because Plaintiff deprived the Service of the opportunity to review its determination through an administrative appeal, Plaintiff's FOIA claim is not ripe for the Court's review. Plaintiff never pursued such an administrative appeal. (**Exh. 1**, *Decl. of R. Cross*.) Thus, he failed to exhaust his administrative remedies and this case should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

The FOIA, the law of this Circuit, and the published IRS regulations unequivocally establish that a FOIA requester who has received an agency determination must actually exhaust his administrative remedies by filing an administrative appeal before filing suit. Plaintiff admits he did not administratively appeal the Service's determination. Because of his failure to exhaust administrative remedies, this Court should dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)6). Alternatively, this Court should grant summary judgment in favor of the Service.

*[Signature page follows]*

Dated: August 14, 2024                    Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

/s/ *Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: 202-307-3738
Fax: 202-514-6866
Robert.J.Atras@usdoj.gov
*Counsel for Internal Revenue Service*