# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GREGORY P. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-00662-SGC |
| | ) |
| U.S. INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

The plaintiff, Gregory P. Rhodes, filed this lawsuit to compel the U.S. Internal Revenue Service (the "IRS") to comply with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). (Doc. 1).[2] Presently pending is the IRS's motion to dismiss. (Doc. 13). The motion is fully briefed and ripe for adjudication. (Docs. 16, 19). As explained below, the motion will be granted and this matter will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**I.  FACTS**

The following facts are alleged in the complaint, and the supporting

---

[1] The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 7).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF document system and appear in the following format: (Doc. __ at __).

documents are attached as exhibits. On January 7, 2022, Rhodes sent a FOIA request (the "Request") via facsimile to the IRS. (*See* Doc. 1 at 4). The Request sought documents relating to the IRS's examination of the Form 1065 filed by Capital Ship, LLC, concerning the 2016 tax year. (Doc. 1-1).

The IRS responded by letter on February 2, 2022, stating it would be unable to provide the requested information by February 9, 2022—the 20-business day statutory deadline. (*See* Doc. 1 at 6). The letter explained FOIA allows a 10-business day extension of the deadline in certain cases and that an extension was justified in this case because the IRS needed to search for records in other locations and consult with another office. (Doc. 1-2 at 3). This extended the deadline for the response until February 24, 2022, but the letter also noted that the IRS did not expect to fully respond to the Request until May 25, 2022. (*Id.*). The letter advised there was no right to file an administrative appeal for failure to respond to the Request by the statutory deadline but noted Rhodes could seek judicial review after February 24, 2022—the day the extended deadline expired. (*Id.*).

The IRS sent subsequent letters on May 20, August 10, and November 8, 2022, informing Rhodes it needed additional time to obtain and review records responsive to the Request. (*See* Doc. 1 at 7-8). These letters again noted that Rhodes could file a lawsuit regarding the overdue response to the Request. (Doc.

1-3 at 3; Doc. 1-5 at 3; Doc. 1-6 at 3).[3] The November 8, 2022 letter estimated the IRS would have a final response to the Request by May 19, 2023. (Doc. 1-6 at 3).

On April 26, 2023, the IRS sent Rhodes a "final response" letter (the "Determination Letter"). (*See* Doc. 1 at 8-9). The Determination Letter stated the agency had located 10,001 pages responsive to the Request and that it was releasing 8,102 pages without exemptions. (Doc. 1-7 at 3). However, the IRS withheld 487 pages in part and 1,412 pages in full pursuant to three exemptions: the deliberative process privilege, the attorney work product privilege, and the attorney-client privilege. (*Id.*). The Determination Letter defined each of these exemptions. (*Id.*). The Determination Letter closed by noting Rhodes could file an administrative appeal within 90 days; a form notice regarding the administrative appeal process was attached. (*Id.* at 5, 8). Also on April 26, 2023, the IRS sent Rhodes the unexempted, responsive documents. (*See* Doc. 1-8).

Rhodes never received privilege logs regarding the withheld and/or redacted documents. (Doc. 1 at 10). This complaint followed. Relying on the February 2, 2022 letter, Rhodes alleges there were no administrative remedies available to him prior to filing this lawsuit. (Doc. 1 at 10, 11).

## II.    STANDARD OF REVIEW

The IRS contends Rhodes's claims fail for lack of exhaustion; its motion is

---

[3] The November 8, 2022 letter advised Rhodes—as had the February 2, 2022 letter—there was no right to file an administrative appeal regarding the IRS's overdue response. (Doc. 1-6 at 3).

styled as seeking dismissal for failure to state a claim under Rule 12(b)(6) or, alternatively, summary judgment under Rule 56. (Doc. 13-1). The IRS's alternative invocation of Rule 56 is motivated by its attachment of extrinsic evidence in support of the motion. The evidence—a declaration—is offered to show that Rhodes did not pursue any administrative appeals. (Doc. 13-2). The plaintiff's failure to pursue administrative remedies is clear from the face of the complaint. The complaint does not allege Rhodes pursued administrative appeals, instead asserting "there were no administrative remedies to be exhausted" prior to filing the complaint. (Doc. 1 at 10). The only reasonable interpretation of this allegation is that Rhodes did not pursue any administrative remedies.[4] Accordingly, the plaintiff's failure to exhaust administrative remedies is undisputed and is established without resorting to the extrinsic evidence and/or, by extension, Rule 56.

Exhaustion of administrative remedies under the FOIA is not a jurisdictional requirement, but it is a condition precedent to filing suit; it performs "a function similar to the judicial doctrine of ripeness by postponing judicial review." *Taylor v. Appleton*, 30 F.3d 1365, 1367, n.3 (11th Cir. 1994); *see Miccosukee Tribe of Indians of Fla. v. U.S. Dep't of Just.*, 103 F. Supp. 3d 1314, 1326 (S.D. Fla. 2015).

---

[4] Faced with the motion to dismiss, Rhodes has reiterated his assertion that he was not required to exhaust administrative remedies because no such remedies were available to him. (Doc. 16 at 2-4) ("Rhodes had no right to an administrative appeal and, therefore, did not have an administrative remedy to exhaust prior to filing the present action . . . .").

Rule 12(b)(6) provides the appropriate standard for evaluating a motion to dismiss for lack of exhaustion. *Taylor*, 30 F.3d at 1367, n.3 (unexhausted FOIA claim should have been dismissed under Rule 12(b)(6), not Rule 12(b)(1)); *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (reversing grant of summary judgment and remanding with instructions to dismiss unexhausted claims for failure to state a claim).

In considering a motion to dismiss, the court must accept the complaint's allegations as true and construe them in a light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Under Rule 12(b)(6), a district court should dismiss a complaint for failing to state a claim upon which relief can be granted "only when the plaintiff's factual allegations, if true, don't 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1295 (11th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining whether the allegations of the complaint meet this standard, the court must "view the complaint in the light most favorable to the plaintiff and accept all [his] well-pleaded facts as true." *Id.* (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007)).

## III.  DISCUSSION

The FOIA requires a plaintiff to exhaust, either actually or constructively, all

5

administrative remedies before seeking judicial review. *Taylor*, 30 F.3d at 1367-68. Actual exhaustion applies where an agency denies all or part of a FOIA request. In those circumstances, the requester must pursue and exhaust the administrative appeal process before filing suit. *Id.*; *Citizens for Resp. and Ethics in Wash. v. Fed. Elect. Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (hereinafter, "*CREW*"). However, if an agency fails to respond to a FOIA request by a statutory deadline, the requester can be deemed to have constructively exhausted his claims. *Taylor*, 30 F.3d at 1368. Application of constructive exhaustion removes the threat that an agency, by refusing to make a determination on a FOIA request, could keep the requester in limbo indefinitely. *See CREW*, 711 F.3d at 186 (describing the "Catch-22" in which administrative remedies are unavailable but a requester could not seek judicial relief for unexhausted claims).

When an agency receives a FOIA request, the statute requires it, within 20 business days, to determine whether to comply with the request and notify the requester of: (1) its determination; (2) the reasons therefore; and (3) the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A). In "unusual circumstances," an agency may extend the statutory deadline to 30 business days. *Id.* at § 552(a)(6)(B). If the agency does not make a timely determination, the requester is deemed to have constructively exhausted their claims and may file suit without first pursuing administrative remedies. *Taylor*, 30 F.3d at 1368. However,

where a requester does not receive a timely response but does not file suit before receiving a belated agency response, the theory of constructive discharge no longer applies, and the requester must actually exhaust administrative remedies. *Id.* at 1369. ("Where a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual exhaustion must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA.").

Here, the IRS failed to comply with the deadlines set forth in the statute. While the February 2, 2022 letter described unusual circumstances justifying imposition of the extended, 30-business day deadline, the IRS did not issue the Determination Letter until April 26, 2023—more than a year after the deadline expired. However, the IRS contends, because Rhodes did not seek judicial review before the Determination Letter issued, he was required to actually exhaust his administrative remedies prior to filing the instant lawsuit. (Doc. 13-1 at 7-9). Accordingly, the IRS seeks dismissal for lack of exhaustion.

In response, Rhodes contends: (1) administrative remedies were unavailable; and (2) the Determination Letter was insufficient to trigger a duty to exhaust his claims. (Doc. 16 at 3-6). The first argument can be quickly dispatched. Rhodes relies on the IRS's statement in the February 2, 2022 letter[5] that there was no right to an administrative appeal regarding the agency's late response but that he could

---

[5] The November 8, 2022 letter included the same statement notifying Rhodes of the lack of administrative remedies to challenge the agency's late response. (Doc. 1-6 at 3).

file a lawsuit after February 24, 2022—the day the extended deadline would expire. (*Id.* at 2-3). As Rhodes would have it, he was free to file a lawsuit at any time once the IRS failed to respond within the statutory deadline. (*Id.* at 3). This argument, which essentially advocates for the application of constructive tolling after the Determination Letter was issued, fails; to accept it would run afoul of the binding precedent in *Taylor*. Rhodes was not eligible for constructive exhaustion after the Determination Letter, even though it was issued over a year late.

    Next, Rhodes contends the Determination Letter was insufficient to trigger the actual exhaustion requirement. (Doc. 16 at 3-6). In particular, Rhodes argues the IRS did not communicate the scope of the documents it withheld. (*Id.* at 4-5). Rhodes notes the IRS failed to provide a privilege log by which he could challenge the agency's assertion of exemptions covering the withheld documents. (*Id.* at 5-6). Essentially, Rhodes contends the Determination Letter did not sufficiently explain, under 5 U.S.C. §552(a)(6)(A)(i)(I), the reasons the IRS withheld or partially withheld otherwise responsive documents.

    The D.C. Circuit has held that an agency provides sufficient reasons to withhold responsive documents by listing and defining the exemptions it is applying. *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 967 (D.C. Cir. 2019). The Determination Letter satisfies this requirement and the other requirements of 5 U.S.C. §552(a)(6)(A)(i). The Determination Letter also

identified the number of pages the IRS was withholding, either in whole or in part, and was accompanied by all of the responsive, non-exempt documents. (Doc. 1-7 at 3; *see* Doc. 1-8).[6] To the extent Rhodes relies on the IRS's failure to provide a privilege log, a privilege log is not required at the administrative level. *Khine*, 943 F.3d at 967 (agency need not create document-by-document index describing withheld documents prior to litigation); *CREW*, 711 F. 3d at 187, n.5.[7] Tellingly, the single case Rhodes cites to support the need for more information regarding the withheld documents arose in the context of litigation, not a pre-litigation agency response to a FOIA request. (Doc. 16 at 5) (citing *Confidential Informant 59-05071 v. U.S.*, 108 Fed. Cl. 121, 131 (2012)).

Simply put, the Determination Letter triggered Rhodes's duty to exhaust his administrative appeals prior to filing this lawsuit. His failure to do so dooms his claims here.

---

[6] The U.S. District Court for the District of Columbia has concluded a FOIA requester was required to exhaust administrate remedies where the agency response:

> 1) produced . . . all responsive, non-exempt records, (2) informed [requester] that it was withholding all other responsive records, (3) specified which exemptions it was claiming to justify the withholding of responsive records, and (4) notified [requester] of its right to appeal the determination administratively.

*Nat'l Sec. Couns. v. Cent. Intel. Agency*, No. 12-284, 2013 WL 12324697, at *3 (D.D.C. June 13, 2013).

[7] These cases refer to a "*Vaughn* Index," which is a log created in conjunction with FOIA litigation—not administrative requests. *See Miscavage v. IRS*, 2 F.3d 366, 367 (11th Cir. 1993); *Khine*, 943 F.3d at 967.

## IV.  CONCLUSION

For all of the foregoing reasons, the defendant's motion to dismiss for failure to state a claim is **GRANTED** in its entirety.  (Doc. 13).  The plaintiff's claims will be dismissed without prejudice as unexhausted.  FED. R. CIV. P. 12(b)(6).

A separate order will be entered.

**DONE** this 21st day of March, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE
